UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEVEN E. RIPOLL | * | CIVIL ACTION NO. 2:23-cv-04602 |
| Plaintiff | * | |
| VERSUS | * | JUDGE DARREL JAMES PAPILLION |
| | * | |
| ALLIED TRUST INSURANCE | * | |
| COMPANY | * | MAGISTRATE JUDGE |
| Defendant | * | MICHAEL NORTH |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SET A STATUS CONFERENCE
## AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Allied Trust Insurance Company ("Allied Trust"), who respectfully requests this Honorable Court to set an in-person status conference for all parties, including Plaintiff, Steven Ripoll, in this matter.

The instant suit was filed on August 28, 2023 by Plaintiff's Counsel, Galindo Law, alleging breach of contract and bad faith against Allied Trust pursuant to a Hurricane Ida claim involving the Plaintiff's property.

However, this claim was initially reported to Allied Trust on or about August 31, 2021. Allied Trust timely inspected the property and issued a below deductible letter on September 23, 2021. On April 4, 2022, McClenny Moseley & Associates ("MMA") issued a letter of representation with no evidence of additional damages. Allied Trust immediately requested any information supporting additional damages including any estimates, invoices, or photographs. On June 2, 2022, MMA provided an estimate in the amount of $119,777.84. On June 8, 2022, Allied Trust invoked appraisal. For the next two months, Allied Trust repeatedly followed up with MMA regarding appraisal and received no response. On August 23, 2022, Allied Trust filed a Complaint for Declaratory Judgment in this Court seeking to compel the appraisal process given MMA's

failure to respond to same. This action was numbered 2:22-cv-02811. See Complaint attached hereto as Exhibit "A".

Shortly thereafter, Plaintiff communicated directly to counsel for Allied Trust that he was not aware of any claim against Allied Trust. Plaintiff further communicated that he never agreed to representation by MMA. Given the gravity of these assertions, counsel for Allied Trust turned to this honorable Court for assistance. On December 1, 2022, this honorable Court held a status conference with Plaintiff and counsel for Allied Trust to address the severity of Plaintiff's claims regarding MMA.

Mr. Ripoll informed the Court at that time that he was never a client of MMA and did not authorize them to make demand on his behalf. Further, the $119,777.84 estimate was inaccurate and exceeded the amount of damages to his home and he wished to dismiss all claims against Allied Trust for damages due to Hurricane Ida. On December 15, 2022, the Court dismissed all claims without prejudice given the testimony of Mr. Ripoll. This order detailed the many statements by Mr. Ripoll that demonstrated he had no claim against Allied Trust and did not wish to proceed with any lawsuit. See Order attached hereto as Exhibit "B".

On January 11, 2023, Allied Trust reached out to Plaintiff to discuss his claim and to see if any additional damages were owed. Plaintiff never responded. Following the dismissal, Allied Trust received no further contact from Plaintiff or any law firm claiming to represent Plaintiff. At no time did Allied Trust ever have knowledge of attorney representation of the Plaintiff by Galindo Law Firm or any other firm besides MMA.

Despite Plaintiff's prior testimony, the instant suit was filed on August 28, 2023, by Plaintiff's counsel, Galindo Law Firm. On September 25, 2023, the subject Complaint for Damages was served upon the Louisiana Secretary of State.

On October 12, 2023, Defendant, Allied Trust, confirmed with Plaintiff, Steven Ripoll, that he is not represented by Galindo Law, nor did he know Galindo Law had filed a lawsuit on his behalf.

Understandably, Allied Trust is uncertain as to Galindo's role in this lawsuit and seeks aid from this honorable court in determining the same.  Allied accordingly respectfully requests this Court to hold a status conference with undersigned counsel, Galindo Law, and the Plaintiff to determine Plaintiff's knowledge of the Complaint for Damages, his representation by Galindo Law, and the facts and circumstances of this claim. Allied Trust asserts same will be essential to ensuring that the claim is properly and fully handled according to the Plaintiff's wishes.

**WHEREFORE**, Defendant, Allied Trust Insurance Company, respectfully moves this Honorable Court to set a status conference compelling all of the parties, including the Plaintiff, Steven Ripoll, to participate in the status conference.

Respectfully submitted,

*/s/Matthew D. Monson*
**MATTHEW D. MONSON (25186)**
**JOHN C. HENRY (18948)**
**RACHEL L. FLARITY (33131)**
**JOHN D. MINEO, IV (36587)**
**LAUREN A. LAM (37758)**
**NATHAN R. HAND (38011)**
**KYLE C. MATTHIAS (38338)**
**ROWAN W. STOEHR (39061)**
**AUSTIN T. WELCH (40100)**
**ERIN W. BERGGREN (37551)**
**THE MONSON LAW FIRM, LLC**
5 Sanctuary Blvd., Suite 101
Mandeville, Louisiana 70471
Telephone:     (985) 778-0678
Facsimile:     (985) 778-0682
Email:  *Matthew@MonsonFirm.com*
***Counsel for Allied Trust Insurance Company***

- 3 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record via electronic mail, by the United States District Court for the Eastern District of Louisiana, this 26th day of October, 2023.

*/s/Matthew D. Monson*