IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLIED TRUST INSURANCE     \*    CIVIL ACTION NO. 2:22-cv-02811
COMPANY     \*
    \*
VERSUS     \*    JUDGE SUSIE MORGAN
    \*
    \*    MAGISTRATE JUDGE DANA DOUGLAS
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>ORDER DISMISSING CASE WITHOUT PREJUDICE</u>

Considering Plaintiff, Allied Trust Insurance Company's ("Allied"), motion to dismiss this matter without prejudice;

1.

This Court finds that Defendant       made a first-party property insurance claim with Allied Trust following Hurricane Ida, which made landfall in Southeast Louisiana on August 29, 2021.

2.

This Court finds in a status conference with the Court on December 1, 2022, and thereafter, Defendant       confirmed the following statement of facts regarding this matter:

1. His home, which is located at               , Covington, LA 70433, was damaged during Hurricane Ida, which made landfall in Southeast Louisiana on August 29, 2021.
2. Thereafter, he made a claim with Allied Trust, which was his homeowners' insurer.
3. Allied Trust did not make any payments on his claim and contended your damages did not exceed his applicable deductible(s).
4. At some point, he spoke with a person who was walking around his neighborhood attempting to sign people up to make hurricane claims.
5. He did not recall who he spoke to or what company they were affiliated with. He likewise do not recall if they indicated they were working on behalf of a law firm.

**1**



# EXHIBIT B

6. Thereafter, in May 2022, McClenny Moseley & Associates sent a demand letter to Allied Trust on his behalf.

7. He did not know about this demand letter at the time it was sent.

8. The demand letter contained an estimate prepared by Disaster Solutions, which estimated the damages to his home due to Hurricane Ida to be $119,777.84.

9. He disagrees with the amount of this estimate, in that it exceeds the damages to his home.

10. To his knowledge, he was never a client of McClenny Moseley & Associates, nor did he authorize them to send a demand letter to Allied Trust on his behalf.

11. This demand letter was sent without his consent.

12. To his knowledge, he never signed any contract with McClenny Moseley & Associates regarding this claim.

13. He never spoke with anyone with McClenny Moseley & Associates regarding asserting a claim against Allied Trust for Hurricane Ida damages prior to May 2022.

14. To his knowledge, he has never directly communicated with any attorney affiliated with McClenny Moseley & Associates about this claim or any other matter.

15. He attempted to call contact McClenny Moseley & Associates several times following the submission of their demand to get them to withdraw it. However, he could never contact them and was only able to leave voicemails and/or speak with a secretary or operator.

16. Eventually, he spoke with someone with McClenny Moseley & Associates and told them he wanted to drop the claim. He does not know who he spoke with when he made this statement.

17. In August 2022, he was served with a complaint filed by Allied Trust in federal court.

18. Through this complaint he learned for the first time that McClenny Moseley had made a demand to Allied Trust on your behalf.

19. He now wishes to dismiss all claims he has against Allied Trust for damages to his residence due to Hurricane Ida.

3.

This Court finds both parties now wish to dismiss this matter without prejudice, with each party to bear their respective costs, and Plaintiff Allied has filed an appropriate motion request this relief.

**IT IS ORDERED** that the motion is **GRANTED**. This matter is hereby dismissed without prejudice, with each party to bear their respective costs.

**New Orleans, Louisiana, this 15th day of December, 2022.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**