## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEVEN E. RIPOLL** | § | **Docket No. 2:23-cv-04602** |
| | § | |
| | § | |
| **Versus** | § | **Judge: Susie Morgan** |
| | § | |
| **ALLIED TRUST INSURANCE** | § | |
| **COMPANY** | § | **Magistrate Judge: Michael North** |
| | § | |

---

## <u>VOLUNTARY MOTION TO DISMISS</u>

NOW INTO COURT, comes undersigned counsel, and respectfully request this Honorable Court to grant its Motion to Dismiss for the reasons set forth below.

1.      Plaintiff, STEVEN E. RIPOLL, initially signed a contract of representation with McKinney, Mosley and Associates (hereinafter "MMA");

2.      As this Court is well aware, MMA was subsequently removed from representation in all cases involving Hurricane Ida;

3.      The file was referred to the Galindo Law Firm for further handling and Galindo Law firm attempted to contact, without success, Plaintiff;

4.      On August 28, 2023, in an abundance of caution and in order to preserve Plaintiff's rights, Galindo Law Firm filed a complaint to avoid any issue of liberative prescription in the matter;

5.      Subsequently, undersigned counsel did reach out to, and successfully contact, Plaintiff on October 6, 2023;

6.      Plaintiff indicated that he did not wish to proceed further with his claim.  That same day, undersigned counsel transmitted a letter for Plaintiff to countersign to affirm, in writing, his desire.  On October 17, 2023, undersigned counsel received the returned letter, confirming in writing his desire to no longer pursue his claim.  Accordingly, undersigned counsel set this matter, amongst others similarly situated, to be drafted for dismissal and to be filed.

7.      Subsequently, counsel for Defendant, MONSON LAW FIRM, on October 26, 2023, filed an Ex Parte Motion to Set Status Conference.

8.      Among the attachments to their Motion was a purported dismissal of a prior claim which supposedly dismissed a prior claim by Plaintiff.  However the case caption on the dismissal had no named Plaintiff.  Further, the name of Plaintiff and the identification of the property in question did not appear in the Order.  Lastly, the Exhibit filed by Defendant could not be readily identified as it was so blurred as to be illegible.  And yet, these documents appeared with blanks where that information would normally appear, and bore the signature of this Honorable Court, to wit, Judge Susie Morgan.

9.      In searching through emails and phone messages (transferred to undersigned counsel via email), no prior record of counsel for Defendant appeared showing an attempt to reach out on this matter.

9.      However, had undersigned counsel been made aware of the documents, informally and after due diligence, a Motion to Dismiss such as this one would have been filed immediately, saving all parties time and expense of having this matter set for a status conference.

10.     Having been advised by Plaintiff that he did not wish to pursue the matter and having been advised Accordingly, upon due consideration of the facts and law.

*Motion to Dismiss - Page 2*

**WHEREFORE,** undersigned counsel respectfully requests this Honorable Court GRANT this Motion and enter an order dismissing the above-referenced claim.

Respectfully Submitted,

*/s/ Mark Ladd*_____
Mark Ladd
Louisiana Bar Number: 30847
mark@galindolaw.com

Galindo Law Firm
3850 North Causeway Blvd. Ste. 1520
Metairie, Louisiana 70002
Ph. 713-228-3030
Fax 713-228-3003
Email: hurricane@galindolaw.com
**ATTORNEYS FOR PLAINTIFF`**